1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
3  KATHERINE L. WAWRZYNIAK (CABN 252751)
   Chief, Criminal Division
4  MICHAEL G. LAGRAMA (CABN 252734)
   Assistant United States Attorney
5
6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7241
       Fax: (415) 436-7234
8      Michael.Lagrama@usdoj.gov

9  Attorneys for United States of America

FILED
Jun 09 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JACKSON TORRES,<br><br>    Defendant. | CASE NO. CR23-156 JD<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION**<br><br>**[FILED UNDER SEAL]** |

## I. INTRODUCTION

While on federal supervised release for his 2020 drug dealing conviction, defendant Jackson Torres was arrested in January and March 2023 for additional drug dealing activity. In particular, on March 26, 2023, San Francisco Police Department officers arrested defendant for selling drugs on the streets in broad daylight—seizing about 176 grams of fentanyl (among other narcotics), a digital scale, plastic baggies, and $328 cash in various denominations. On May 23, 2023, defendant was charged by complaint with one count of possession with intent to distribute a controlled substance (fentanyl) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Defendant is a danger to the community because, as his January and March 2023 drug dealing arrests show, defendant continues to sell fentanyl in blatant disregard of his supervised release conditions. Defendant is also a flight risk because he lacks respect for the law and has no apparent ties to the community, and he faces a more severe penalty in this case. Accordingly, the government respectfully requests that the Court order defendant detained pending trial.

## II. FACTUAL BACKGROUND

On November 18, 2020, in this Court, defendant pleaded guilty to possession with intent to distribute and distribution of fentanyl. (*United States v. Torres*, Case No. 3:20-cr-00114-CRB.) Defendant was sentenced to one year and one day in prison and to three years on federal supervision. (*See id*. at 2.) On January 12, 2023, while on federal supervised release, defendant and his co-conspirator were arrested for selling narcotics in the United Nations Plaza in San Francisco's Tenderloin District. (May 23, 2023, Criminal Complaint at ¶ 11.) The two possessed over 279 gross grams of fentanyl, among other narcotics, and are facing criminal charges in the San Francisco County Superior Court. (*See id*.) Then, on March 26, 2023, while still on federal supervised release, defendant was again arrested for drug dealing activity near the Tenderloin District. (*Id*. at ¶ 12.) This March 2023 arrest, where defendant possessed about 176 gross grams of fentanyl, is the basis for the instant criminal complaint. (*See id*.)

## III. LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail

UNITED STATES' DETENTION MEMO (Case No. CR23-156 JD)　　　　　　　　　　　　　　　　　　　　　2

where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.* (citation omitted).

IV.   **ARGUMENT**

1. <u>The defendant faces a rebuttable presumption in favor of detention.</u>

Defendant is charged with possessing with intent to distribute about 176 gross grams of fentanyl

following his arrest on March 26, 2023, while he was on federal supervised release for a prior conviction involving the same misconduct. (Complaint ¶ 12.) During defendant's arrest, police officers seized from defendant's person and/or backpack not only this significant quantity of fentanyl, but also a digital scale, plastic baggies, and $328 cash in various denominations. (Complaint at ¶ 19.) Moreover, as defendant ran from the police officers who were attempting to arrest him, defendant tossed to the ground three plastic baggies that officers later determined contained methamphetamine, cocaine, and heroin. (Complaint at ¶ 19.) Given this evidence, there is probable cause that defendant committed an offense for which the Controlled Substances Act prescribes a maximum term of imprisonment of 20 years. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C). This is double the maximum term required to trigger a rebuttable presumption in favor of defendant's detention—namely, that no condition or combination of conditions as to defendant will reasonably assure the safety of the community or his appearance in court. *See* 18 U.S.C. § 3142(e)(3)(A). As described below, defendant cannot overcome this presumption.

    2. <u>Defendant cannot overcome the presumption that he is a danger to the community.</u>

Defendant's criminal record involving unremitting drug dealing activity and his blatant disregard of his federal supervision conditions show that he will continue trafficking deadly drugs if he is not detained. Since 2014, defendant has been arrested at least 10 times for drug dealing activity in or around the Tenderloin District. On November 18, 2020, in this Court, defendant pleaded guilty to possession with intent to distribute and distribution of fentanyl. *United States v. Torres*, Case No. 3:20-cr-00114-CRB, Dkt. 37. This Court sentenced defendant to one year and one day in prison and to three years on federal supervised release. *Id*. Among other supervision conditions, defendant was prohibited from violating the law and from possessing any controlled substance. *Id*. Despite these supervised release conditions, defendant was arrested for drug dealing on January 12, 2023, during which defendant and his co-conspirator possessed over 279 gross grams of fentanyl, among other types of narcotics. (Complaint at ¶ 11.) Then, on March 26, 2023, while facing state criminal charges for the January 2023 arrest, and while still on federal supervised release, defendant was again arrested for drug dealing activity. (*Id*. at ¶ 12.) Defendant's latest arrest in March 2023, where he possessed 176 gross grams of fentanyl, is the basis for the instant federal charge. (*Id*.) Moreover, during that arrest, defendant reportedly told police

officers (in Spanish) that "you can grab me a million times and we will quickly get out" and that he did not "give a f\*\*\*." (*Id*. at ¶ 17.) Defendant's statements indicating that he will continue to sell fentanyl show that defendant has a blatant disregard for the law and public safety.

Indeed, fentanyl is especially dangerous among controlled substances. Just two milligrams of it can kill. Here, defendant possessed 176 gross grams, or 176,000 gross milligrams, of fentanyl – or about 88,000 potentially lethal doses. If defendant is released and continues distributing fentanyl (as he has done after his 2020 conviction), this would not only endanger the buyers of his fentanyl but also those who may inadvertently encounter this lethal drug as a result of his distribution. *See*, *e.g.*, *United States v. Alfonso Ramos*, No. 3:20-mj-71799-MAG-1 (EJD), 2020 U.S. Dist. LEXIS 244831 at \*7 (N.D. Cal. Dec. 29, 2020) (sale of approximately 227 grams of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs").

Accordingly, defendant cannot rebut the presumption that no condition or combination of conditions as to defendant will reasonably assure the safety of the community.

3. <u>The defendant cannot overcome the presumption that he is a flight risk.</u>

Given defendant's unremitting drug dealing while on federal supervised release following his 2020 conviction, it is evident that defendant does not respect the law and is therefore at risk of not complying with a court order to appear at future hearings. Additionally, the incident reports pertaining to defendant's January and March 2023 arrests contain no residential address for Torres, suggesting he is transient. Thus, it does not appear that Torres has familial ties to the community that would ensure his court appearances in this case.

Further, based on his instant criminal charge and criminal history, defendant faces a guidelines sentence of 57-71 months in prison.[1] Thus, defendant faces a severe penalty, which creates a strong incentive for defendant to flee immediately if released. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee"). For these reasons, defendant cannot rebut the presumption that he constitutes a flight risk.

---

[1] A preliminary criminal history calculation appears to yield an adjusted base offense level of 23 and a Criminal History Category of III.

UNITED STATES' DETENTION MEMO (Case No. CR23-156 JD)                                                                 5

**CONCLUSION**

There are no conditions that will reasonably ensure the safety of the community and his appearance in court. Accordingly, the Court should order defendant detained pending trial.

DATED: June 9, 2023                                Respectfully submitted,

                                                   ISMAIL J. RAMSEY
                                                   United States Attorney

                                                   */s/ Michael G. Lagrama*
                                                   MICHAEL G. LAGRAMA
                                                   Assistant United States Attorney

UNITED STATES' DETENTION MEMO (Case No. CR23-156 JD)                                6